Richard **DERBER**, #12386, Petitioner,

v.

John C. **BURKE**, Warden, Respondent.

No. 65–C–34.

United States District Court
E. D. Wisconsin.

March 30, 1965.

Richard Derber, pro se.

William A. Platz, Asst. Atty. Gen., Madison, Wis., for respondent.

GRUBB, District Judge.

Petitioner is in custody pursuant to judgment of conviction and sentence of life imprisonment imposed thereon on December 18, 1961, by the Municipal Court, City of Oshkosh, Winnebago County, Wisconsin, the Honorable Arnold J. Cane presiding, after trial by the court on charges of murder in the first degree.

In his petition for writ of habeas corpus petitioner contends that he is entitled to the relief requested on the following grounds:

1. A confession was obtained from him after constant questioning while he was held in police custody, "incommunicado", for fourteen hours and constantly begged to be permitted to call his father which requests were denied. During this period petitioner was also forced to participate in the unfruitful search for the weapon used in the shooting of his wife which resulted in her death. Petitioner, a minor, was not advised of his legal rights prior to his arraignment which took place after the fourteen hour detention during which the confession was obtained from him. This confession was used against him on his trial.

2. Petitioner's representation by counsel in the underlying criminal proceedings was improper. He claims counsel was inexperienced and ineffective; that witnesses requested by petitioner were not subpoenaed in his behalf; and that counsel did not consult with petitioner concerning a proper defense and waiver of trial by jury.

3. Petitioner's defense attorney entered into certain stipulations with counsel for the prosecution in chambers, outside the presence of petitioner.

4. Petitioner was denied the benefit of the American Law Institute rule concerning the defense of insanity. Responsibility of petitioner for the crime was not established beyond a reasonable doubt on the trial.

On these facts, petitioner claimed violations of his constitutional rights against self-incrimination, to representation by counsel and due process under the Fifth and Sixth Amendments as applicable to the State under the Fourteenth Amendment of the Constitution of the United States.

█ As part of the response to the petition there is offered the affidavit of Attorney Eugene G. Williams, petitioner's retained attorney who represented him in the underlying State criminal proceedings. Petitioner objects to the offer of this affidavit on the ground that it discloses matters within the attorney-client privilege. This objection is without merit. The affidavit does not relate to confidential communications from petitioner to the attorney, except to the extent that petitioner may have partici-

pated in private discussions with counsel concerning defense strategy. Petitioner has raised an issue concerning the propriety of his defense and charged his counsel with incompetency. Even though petitioner does not in this action sue his counsel directly, protection of counsel's rights and the necessity of full disclosure of all relevant facts on the issue of the adequacy of representation requires waiver of the privilege. See Section 325.22, Wisconsin Statutes, and compare State v. Markey, 259 Wis. 527, 541, 49 N.W.2d 437 (1951).

Consideration of the petition and response thereto which includes pertinent portions of the transcript of the underlying criminal proceedings and the opinion of the trial judge discloses no violations of petitioner's constitutional rights.

■ Although the confession obtained from petitioner during his fourteen hour detention in police custody was admitted on his trial, it appears clearly from the opinion of the trial judge that the judgment of guilty was based on ample independent evidence as to the commission of the crime, which evidence appears clearly of record. Reliance on the confession is merely for the purpose of corroboration of the testimony of a witness to whom petitioner disclosed the details of his conduct shortly after the occurrence and prior to his police custody. The real issue of the criminal case was not whether or not petitioner committed the act of shooting his wife, but whether he was capable of forming the requisite intent for murder in the first degree. The evidence relied on by the court on determination of this issue consisted of testimony of physicians, petitioner's family and other witnesses. The content of the confession was not relevant thereto. Under these circumstances admission of petitioner's confession as evidence on the trial was not prejudicial and did not constitute a violation of his constitutional rights.

■■ The moving papers on this motion do not support petitioner's claim as to the denial of effective assistance of counsel. Mr. Williams was retained on petitioner's behalf. Petitioner's conclusions that he was inexperienced and ineffective are without support. Consideration of the trial transcript shows a vigorous and skillful defense in view of the circumstances of the case and the nature of the prosecution proof. Petitioner claims that his request for subpoena of certain witnesses was denied. There is no showing what testimony, if any, these witnesses would have given to support a defense of lack of premeditation. Failure to indulge in extensive cross-examination or to make a motion of acquittal under the circumstances of this case is no indication of lack of legal skill or inexperience. Petitioner does not make an offer of facts that his counsel could have relied on to further establish his defense on the merits or on the question of intent or responsibility.

■ The stipulation in this case was executed by counsel for the parties only. The content of the stipulation discloses, however, that its execution—even if this had taken place in the absence of petitioner—and its use on the trial was not prejudicial. The transcript of the preliminary hearing, the autopsy report and the facts admitted concerning the cause of death of the victim could have been established by independent evidence. The stipulation merely obviated proof of these undisputed facts.

■ Other matters raised in the petition concerning the test of responsibility and meeting the burden of proof to sustain a criminal conviction are not cognizable on collateral attack. Parenthetically it may be noted that the transcript of the trial and the scholarly opinion of the trial court clearly demonstrate that petitioner's factual allegations are erroneous.

For the reasons stated above, the petition must be and it is hereby denied.